FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 JUN 23  PM 12 15

STEPHAN HARRIS, CLERK
CHEYENNE

Rebecca A. Lewis
Wyo. Bar #5-2125
Pence and MacMillan, LLC
P.O. Box 1285
501 Garfield Street
Laramie, WY  82073
307-760-5391
307-745-8669—fax
beckyalewis@aol.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| SUMMITT FORESTS INC.,  a California corporation, and  AMERICAN STATES INSURANCE COMPANY, an Indiana corporation, <br>　　　　　Plaintiffs, <br><br>vs. <br><br>MIK MAC FORESTRY, LLC, a Colorado limited liability company, and BRIAN LEE PETERSON, <br>　　　　　Defendants. | } <br> } <br> } <br> } <br> } Case No: 13-CV-100-ABJ <br> } <br> } <br> } <br> } <br> } |

## SECOND AMENDED COMPLAINT

Plaintiffs Summitt Forests Inc. and American States Insurance Company hereby state their claims against Defendants Mik Mac Forestry, LLC., and Brian Lee Peterson in this Second Amended Complaint as follows:

1. Plaintiff Summitt Forests Inc. is a California corporation with its principal place of business in Ashland, Oregon.

1.a. Plaintiff American States is an Indiana insurance company with its principal place of business in Indianapolis, Indiana, and at all times relevant to this action was the liability insurer for Summit Forests, Inc.

1

2. At all times relevant to this action, Defendant Mik Mac Forestry, LLC, was a Colorado limited liability company with its principal place of business in Montrose, Colorado.

3. At all times relevant to this action, Defendant Brian Lee Peterson was a resident of Montrose, Colorado.

4. Defendant Peterson was an owner and/or an employee of Mik Mac, LLC, and was acting in the course and scope of his employment with Mik Mac, LLC, at all times relevant to this action.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds the jurisdictional requirement of $75,000.00.

6. In 2010, Summit Forests Inc. entered into a contract with the U. S. Forest Service to perform various fuel reduction tasks in the Big Horn and Shoshone National Forests in Wyoming from 2010 to 2014.

7. By "Contract For Work" dated and executed on 8 August 2011, Defendants contracted with Summit Forests Inc. to perform various job duties for Summit Forests Inc. under its contract with the Forest Service.

8. Pursuant to that "Contract For Work," on 22 August 2011, Defendant Peterson was driving an excavator with a masticator machine attached owned by Mik Mac, LLC, across a meadow near Dubois, Wyoming, in Fremont County, Wyoming.

9.  As he drove across the meadow, his excavator with a masticator machine attached caused grass and other flammable materials to ignite. The fire then spread to surrounding forest and grasslands, causing extensive damage to approximately 807 acres of lands and property owned by the U. S. government, Warm River Ranch, and Box Three Hanging Ranch.

10. The fire was named the "Warm Springs Fire" by the Forest Service.

11. Defendant Peterson admitted that he was aware of the fire hazard at the time and that he should have had a spotter walking behind the machine to extinguish fires that were started during the work.

12. On 22 August 2011, Defendants owed duties to perform its work within the standard of care in its industry and to exercise reasonable care under the circumstances.

13. Defendants breached those duties through their acts and omissions which include, but are not limited to:

    a.  Failing to provide a spotter to watch for fires or other dangerous conditions resulting from the work done by Defendants;

    b.  Failing to keep a proper lookout for fires which were caused during their work;

    c.  Performing the work during a period of extremely high fire danger;

    d.  Failing to use proper equipment to perform the job duties;

    e.  Driving the excavator in a manner that started the fire;

    f.  Failing to comply with industry safety standards; and

    g.  Otherwise acting without that degree of care required under the circumstances.

14. The breaches of duty by Defendants were the proximate cause of damages totalling $174,892.22, which have been paid by Plaintiffs or its agents, as follows:

    a.  $130,004.22 to the property of the U.S. Forest Service;

    b.  $33,888.00 to the property of the Warm River Ranch, and

    c.  $11,000.00 to the property of the Box Three Hanging Ranch.

15. Plaintiffs have also incurred costs and expenses to pursue this action against Defendants in an amount to be proved at trial.

WHEREFORE, Plaintiffs request that this Court grant judgment in its favor as follows:

    a.  Judgment against Defendants in the amount of $174,892.22 or an amount consistent with the proof at trial;

    b.  Judgment for costs, expenses, and applicable interest; and

    c.  Judgment for other relief as the Court deems appropriate and just.

Date:  17 June 2014

_/s/ _

Rebecca A. Lewis
Wyo. Bar #5-2125
PENCE AND MACMILLAN, LLC
P.O. Box 1285
501 Garfield Street
Laramie, WY  82073
307-760-5391

Certificate of Service

    I hereby certify that the foregoing pleading was served on 17 June 2014, via electronic service, addressed to the following:

Lance Shurtleff
Hall & Evans, LLC
1125 Seventeenth Street
Suite 600
Denver, CO  80202
shurtleffl@hallevans.com

_/s/ _

Rebecca A. Lewis